IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EBONY ADAMS, MICHAEL FAGIOLI D MORELLI, JOHN RESH, BRANDON SHOCKLEY, on behalf of themselves individually and all others similarly situated; | : : : : : : | Case No.  **COLLECTIVE ACTION** |
| Plaintiffs, vs. | : : : | COMPLAINT FOR DAMAGES, INJUCTIVE RELIEF AND RESTITUTION |
| F&B ASSOCIATES, INC. DBA BEST BEVERAGE CATERING, SPEEDWAY MOTORSPORTS, LLC D.B.A. DOVER INTERNATIONAL SPEEDWAY, ALL ACES PROMOTION STAFFING, INC. | : : : : : : : | |
| Defendants. | : | |

## **PLAINTIFFS' COLLECTIVE ACTION**

1. This case involves violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and The Delaware Wage and Payment Act, 19 *Del. Code* §1102. Plaintiffs worked as tipped employees for Defendants' Firefly Music Festival held annually in the Woodlands of Dover International Speedway, 1131 N. Dupont Hwy, Dover, Delaware 19901. Defendants violated the FLSA and The State of Delaware Wage and Payment Act by maintaining an unlawful tip pooling arrangement, shaving time off of tipped employees' hours, and not paying employees for all the hours worked. These unlawful actions violated overtime provisions of the FLSA and The State of Delaware Wage and Payment Act.

2. By filing this action, on behalf of them and all other similarly situated workers employed by Defendants, Plaintiffs seek damages, including overtime compensation, unpaid wages, which they and similarly situated employees were wrongly deprived, plus interest,

1

damages, attorney fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

4. The claims arose in the District of Delaware, which is where venue is proper.

## NATURE OF THE CASE

5. Plaintiffs and similarly situated employees were employed as bartenders with Dover International Speedway and Best Beverage Catering during the Firefly Fly Music Festivals from September 23 - September 26, 2021, and preceding three years. All the named plaintiffs worked as bartenders during the last three Firefly Music Festivals.

6. Defendant F& B Associates, Inc. d.b.a. Best Beverage Catering ("BBC") were in charge of the hiring, management, and payment of plaintiffs during their employment as bartenders at the Firefly Music Festival.

7. In addition, Dover International Speedway worked with BBC in the hiring, management, and payment of plaintiffs.

8. All Aces Promotion Staffing, Inc. is a nationwide event staffing agency which coordinated employment for Dover International Speedway and BBC to supply bartenders to the Firefly Music Festival at all relevant times.

9. Plaintiffs and similarly situated worked for Defendants, All Aces, BBC and Dover International Speedway as customarily tipped employees.

10. Plaintiffs and similarly situated employees earned a flat rate of $35.00 a day plus tips.

11. Plaintiffs and similarly situated Firefly bartenders, were forced to share their tips

2

with managers and other non-tipped employees.

12. In addition, Defendants did not keep accurate records regarding Plaintiffs' hours and tips.

13. Plaintiffs' earnings were based on the revenue generated each day of the festival. Throughout the day, an unmonitored individual went into the cash tills putting cash into a bag. No other BBC or Dover Speedway employee confirmed these transactions and employees never received an accounting of their tips.

14. On several occasions, Plaintiff Morelli requested daily sales and credit tip reports which have not been provided. She was simply provided with uncalculated raw numbers – not breakdowns.

15. Inexplicably, bartenders received less tips on busier days of the events. The numbers provided call into questions the accuracy of the whole operation.

16. Throughout their employment, Defendants did not pay Plaintiffs for all the hours worked.

17. Plaintiffs bring this lawsuit individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## PARTIES AND GENERAL ALLEGATIONS

18. Plaintiffs qualify as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

19. Defendant F& B Associates, Inc. d.b.a. Best Beverage Catering, is a Delaware corporation. Its located at 4901 Morena Blvd., Suite 1107, San Diego, California, 92117. At all times mentioned herein, BBC was an "employer" or "joint employer" of Plaintiffs and the

putative collective and class under the broad definitions in the FLSA and The Delaware Wage and Payment Act.

20. Defendant Dover International Speedway is an entity of Speedway Motorsports, LLC incorporated in the State of Delaware. At all times mentioned herein, Speedway was an "employer" or "joint employer" of Plaintiffs and the putative collective under the broad definitions in the FLSA and The Delaware Wage and Payment Act.

21. Defendant All Aces Promotion Staffing, Inc. is a nationwide event staffing agency which coordinated employment for Dover International Speedway and BBC to supply bartenders to the Firefly Music Festival at all relevant times. It is a business incorporated with Colorado Department of State (CDOS). Its principal address is 4964 Expressway Drive S, Ste 2, Ronkonkoma, NY 11779. Its registered agent is Carisa Sanchez, 2225 South Newton St., Denver, Colorado 80219. At all times mentioned herein, All Aces was an "employer" or "joint employer" of Plaintiffs and the putative collective under the broad definitions in the FLSA and The Delaware Wage and Payment Act.

22. Defendants operate bars to sell alcoholic beverages during the Firefly Music Festival from 2019 to the present.

23. Plaintiff, D Morelli, worked as a bartender for Defendant during the Firefly Music Festival in September 2021. Her primary job duties were to pour and serve alcoholic beverages.

24. Plaintiff Ebony Adams, worked as a bartender for Defendant during the Firefly Music Festival in September 2021. Her primary job duties were to pour and serve alcoholic beverages.

25. Plaintiff Michael Fagioli, worked as a bartender for Defendant during the Firefly Music Festival from 2014-2017, a bar manager in 2018, and as a bartender in September 2021. In 2021, his primary job duties were to pour and serve alcoholic beverages.

26. Plaintiff John Resh, worked as a bartender for Defendant during the Firefly Music Festival in September 2021. his primary job duties were to pour and serve alcoholic beverages.

27. Plaintiff Brandon Shockley, worked as a bartender for Defendant during the Firefly Music Festival from 2016 to 2019. His primary job duties were to pour and serve alcoholic beverages.

28. At all material times, Defendants were Plaintiffs' and the putative collective's and class's "employer(s)" or "joint employer(s)."

29. Some similarly situated employees who complained about the tip sharing with managers were summarily terminated from their employment.

*Defendants' Pay Practices*

30. As bartenders, Plaintiffs and other similarly situated bartenders, including putative collective and class members, were customarily tipped employees.

31. Defendants took tips from Plaintiffs and similarly situated employees and redistributed their tips to non-customarily tipped employees, specifically managers.

32. Defendants required bartenders to come in early or stay late past their shifts and work "off the clock."

33. Defendants did not keep accurate records of the tips and revenues at each bar station.

34. Defendants did not require the tipped employees to sign any acknowledgment of their tips received before issuing paychecks.

35. Defendants knowingly and willfully refused to pay Plaintiffs lawfully under the FLSA.

36. Defendant did not keep proper records accounting for Plaintiffs' tips.

37. Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA.

38. Defendants are the "employer" of Plaintiffs and the putative collective and class because they act "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

## FLSA COLLECTIVE DEFINED

39. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants:

> All of Defendants' current and former employees who Defendants paid using a tip credit at any time starting three years before this Complaint was filed through the time of judgment in this matter.

40. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of tip stealing The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or email.

42. Plaintiffs reserve the right to redefine the Collective prior to notice and certification, and thereafter, as necessary.

43. Plaintiffs and all of Defendants' tipped employees are similarly situated in that:

    a. They worked in a service capacity for Defendants serving drinks and items to Defendants' customers;

    b. Defendants subjected them to the same pay policies and practices;

    c. They received tips while working for Defendants;

    d. Defendants deducted from and took their tips and distributed their tips to employees who are not customarily tipped; and

    e. Defendants reduced reported work hours below and paid for less than the hours actually worked.

## COUNT I
### TIP STEALING IN VIOLATION OF THE FLSA, 29 U.S.C. § 203
**On Behalf of Plaintiffs and those similarly situated**

44. Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

45. At all relevant times, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

46. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA.

47. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

48. Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and are therefore tipped employees as defined in the FLSA. 29 U.S.C. §

203(t); 29 C.F.R. § 531.50.

49. Under 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

50. Defendants required Plaintiffs and collective members to pay a portion of their tips to bar managers to supplement the hourly pay of non-tipped employees.

51. Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (managers).

52. The contributions Defendants required Plaintiffs and the putative collective to make after each shift were arbitrary and capricious, and distribution was not agreed to by Plaintiffs or the putative collective. Instead, Defendants imposed this unlawful system on Plaintiffs and the putative collective.

53. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

54. As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

55. Plaintiffs seek judgment against Defendants and request compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as

provided by law, and such other relief as the Court deems fair and equitable.

56. As a result of Defendants' willful failure to compensate its employees including Plaintiffs and similarly situated current and former employees of Defendants, for all of the hours worked, Defendants has violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 207(a)(1) and 215(a).

57. The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II

### UNPAID WAGES IN VIOLATION OF DELAWARE WAGE AND PAYMENT ACT
**On Behalf of Plaintiffs and those similarly situated**

58. Paragraphs 1 through 57 are incorporated by reference as if fully stated herein.

59. Defendants failed to pay for all the hours that Plaintiffs worked at the Firefly Festival.

60. As a direct and proximate result of Defendants' violations of the Wage Payment and Collection Act, Plaintiffs have suffered lost wages and has sustained damages.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other similarly situated Collective Action Members and members of the class, respectfully requests that this Court grant the following relief against Defendants, jointly and severally:

a. Designation of the First Cause of Action under FLSA as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing

individual consents to sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collection Action members;

      b.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      c.      An injunction against Defendants and its officers, agents, employees, from engaging in each of the unlawful practices, policies and patterns as set forth in the above Complaint;

      d.      An award for unpaid wages including pre-judgment interest; from Defendants for all of the time they worked and were not compensated at all and/ or overtime work for which they did not receive overtime premium pay, as required by law;

      e.      An award of liquidated damages;

      f.      An award of additional liquidated damages for unreasonably delayed payment of wages;

      g.      Reasonable attorney fees, and costs and disbursements of this action, pursuant to U.S.C.§ 216(b).

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire (No. 4447)
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5001
Attorney for Plaintiffs

DATED:  September 23, 2022